UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN -5 PM 5: 00

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| DONNY D. HAMPTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV406-246 |
| ANN McNELLIS ELMORE, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On October 12, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that subsequent to his (apparently) warrantless arrest on February 12, 2006, he wrote a letter to Assistant District Attorney Ann McNellis Elmore, the prosecuting attorney, informing her that his arrest was "invalid" and that it violated his Fourth Amendment rights. Doc. 1. Plaintiff claims that despite this letter, defendant has continued to prosecute the charges against him. Id.

To the extent that plaintiff seeks to hold defendant Elmore

2

responsible in her official capacity as a prosecutor, his suit is barred by the Eleventh Amendment. "[S]uits against an official in his or her official capacity are suits against the entity the individual represents." Parker v. Williams, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989), overruled in part on other grounds, Turquitt v. Jefferson Co., 137 F.3d 1285 (11th Cir. 1998 (en banc). The question, for purposes of § 1983 liability, of whether an official acts on behalf of the state or county is a question of state law. The Eleventh Circuit has examined this issue and determined that "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." Owens v. Fulton County, 877 F.2d 947, 952 (11th Cir. 1989). The Eleventh Amendment prohibits suit for damages against state officials acting in their official capacities. Kentucky v. Graham, 473 U.S. 159, 166-67 (1985); Parker, 862 F.2d at 1475. Initiating a prosecution is a prosecutorial function; therefore, to the extent that plaintiff attempts to hold defendant Elmore liable in her official capacity "for acts within the realm of [her] prosecutorial discretion, [she is] considered [a] state official[] cloaked in Eleventh Amendment Immunity." McClendon v. May, 37 F. Supp. 2d 1371, 1375-76 (S.D. Ga. 1999); see also

Neville v. Classic Gardens, 141 F. Supp. 2d 1377, 1382 (S.D. Ga. 2001).

Plaintiff's claim is also barred to the extent he is suing defendant Elmore in her individual capacity. Defendant is absolutely immune from suit by plaintiff because she was performing her prosecutorial duty in initiating a prosecution. Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

In determining whether an act is protected by absolute immunity, the Supreme Court has created a "functional" approach, examining the nature of the function performed, not the actor who performed it. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993); Burns v. Reed, 500 U.S. 478, 486 (1991). "Absolute immunity protects the prosecutor's role as advocate for the State, and not his or her role as an administrator or investigative officer." Guzman-Rivera v. Rivera-Cruz, 55 F.3d 26, 29 (1st Cir. 1995) (citations omitted). The immunity enjoyed by the prosecutor "attaches to his function, not to the manner in which he performed it." Barrett v. United States, 798 F.2d 565, 573 (2d Cir. 1986); see, e.g., Anderson v. Simon, 217 F.3d 472, 475-76 (7th Cir. 2000) (holding that it was a prosecutorial decision for prosecutor to refuse to charge arrestee while waiting for further evidence); Long v. Satz, 181 F.3d 1275, 1278-80 (11th

Cir. 1999) (determining that prosecutor who failed to turn over exculpatory evidence, prolonging incarceration of wrongfully convicted plaintiff, was performing a prosecutorial function); Guzman-Rivera, 55 F.3d at 31 ("Even if it were shown that [prosecutors] reviewed evidence, found Guzman innocent, and did nothing, their decision withal not to dismiss his criminal case lies at the heart of prosecutorial function.").

Since the acts of defendant that plaintiff alleges in his complaint fall within the scope of her prosecutorial function, plaintiff's claim is deflected by the shield of absolute immunity that defendant enjoys in her role as prosecutor.

For all of the above-stated reasons, this case should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 5Th day of **January, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA